DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-595-FDW

| | |
|---|---|
| LOWELL MASON VARNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| FNU MULLISK, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Compel, (Doc. No. 22); and on Plaintiff's Motion to Appoint Counsel, (Doc. No. 23).

On January 22, 2015, this Court entered an order requiring Plaintiff to notify the Court why he has not returned a summons so that service may be effectuated on Defendant Uris Bennett, who is alleged to have been a correctional officer at Lanesboro Correctional Institution at all relevant times. Plaintiff has explained in his response, which was filed as a motion to compel, that officials at Lanesboro Correctional Institution have indicated that they will provide the Court with Defendant Bennett's personal address, but that the address would not be disclosed to Plaintiff for security reasons.

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995).

1

Before a case may be dismissed based on failure to effectuate service, the Court must first ensure that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named defendants. See Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort"). Therefore, this Court will instruct the U.S. Marshal to use reasonable efforts to locate and obtain service on Defendant Bennett. By Plaintiff's own allegations, it appears that officials at Lanesboro have Bennett's current address and will provide it to the U.S. Marshal for service on Bennett.

Next, as to Plaintiff's Motion to Appoint Counsel, Plaintiff contends that he has been unable to find counsel to represent him; his imprisonment will greatly limit his ability to litigate; the issues are complex; he lacks legal materials; and is a layperson without legal knowledge. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Notwithstanding Plaintiff's contentions to the contrary, this case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's Motion to Appoint Counsel will be denied.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Compel, (Doc. No. 22), is **DENIED** as moot; and Plaintiff's Motion to Appoint Counsel, (Doc. No. 23), is **DENIED**.

2. The U.S. Marshal shall use all reasonable efforts to locate and obtain service on

Defendant Bennett. If the U.S. Marshal is unable to locate and obtain service on Bennett, the U.S. Marshal shall inform the Court of the efforts made in attempting to locate this Defendant.

3. The Clerk is respectfully instructed to mail a copy of this Order to the U.S. Marshal.

Frank D. Whitney
Chief United States District Judge