DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-595-FDW

| | |
|---|---|
| LOWELL MASON VARNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| FNU MULLISK, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 40), and on Plaintiff's Motion for Recusal, (Doc. No. 60).

First, as to Plaintiff's Motion for Summary Judgment, (Doc. No. 60), Plaintiff filed the motion before the discovery period ended in this matter. Thus, his summary judgment motion was filed prematurely. The Court further notes that the discovery period has now ended and the sole remaining Defendant, Uris Bennett, has filed his own summary judgment motion. (Doc. No. 66). Pursuant to the Court's Order dated June 10, 2016, Plaintiff has until July 27, 2016, to file his response to Defendant's summary judgment motion. (Doc. No. 70).

Next, as to Plaintiff's motion for recusal, Plaintiff alleges that the undersigned "is knowing[ly] allowing my rights to be violated in this case." (Doc. No. 60 at 1). Plaintiff alleges the undersigned is biased "to the point of not making any reasonable accommodation to see that I have access to the information in the Bounds v. Smith ruling," and because the undersigned has denied Plaintiff's motions for appointment of counsel and "seem[s] to expect me to fight my cases with no assistance from a law library or aid from counsel." (Id.).

1

Under 28 U.S.C. § 144, a litigant may seek recusal of a judge if the litigant files "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The affidavit must state with particularity "the facts and the reasons for the belief that bias or prejudice exists." Although the judge must accept as true the facts alleged in an affidavit filed under 28 U.S.C. § 144, the judge is not required to accept as true conclusory statements, opinions, or speculations. Davis v. United States, No. 1L99cv842, 2002 WL 1009728, at *1 (M.D.N.C. Jan. 8, 2002) (citing Marty's Floor Covering Co. v. GAF Corp., 604 F.2d 266 (4th Cir. 1979)). Plaintiff's motion for recusal is denied, as Plaintiff has wholly failed to allege facts supporting a showing of bias by the undersigned, and the mere denial of a motion for appointment of counsel in a Section 1983 prisoner action does not show bias.[1]

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Motion for Summary Judgment, (Doc. No. 40), is **DENIED** as filed prematurely, and Plaintiff's Motion for Recusal, (Doc. No. 60), is **DENIED**.

Frank D. Whitney
Chief United States District Judge

---

[1] Plaintiff also failed to file the required affidavit under 28 U.S.C. § 144.